UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-mc-80 (RHK/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| MARCIA JOHNSON, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

This summons enforcement matter came on for a hearing before the undersigned Magistrate Judge on January 17, 2012, in connection with an Order to Show Cause issued on November 4, 2011. (Doc. No. 2.) Counsel for Respondent appeared at the hearing and indicated no objection to entry of an order enforcing the summons at issue. For the reasons that follow, I recommend that the relief requested by the government be granted, and that the summons at issue be enforced.

**FACTUAL BACKGROUND[1]**

In furtherance of an Internal Revenue Service ("IRS") investigation into the collectability of tax liabilities of one Chad E. Jellum, doing business as Gilligans, on June 9, 2011, Revenue Officer Diane Kruger served a summons on Respondent Marcia Johnson, Chief Executive Officer of MWJ, Inc. As explained in Officer Kruger's declaration, the

---

[1] The factual information reflected in this Report and Recommendation is taken from the Declaration of Diane Kruger attached to the government's petition; from the text of the summons itself; and other evidence of record in this matter.

1

reason for summonsing Respondent, a third party, in connection with the collectability of taxes owed by Mr. Jellum and/or his company is that Ms. Johnson currently operates Gilligans, has an agreement to purchase or lease Gilligans, and has paid certain financial obligations of Mr. Jellum and/or Gilligans. The summons sought testimony and the production of documents relating to the collection of the tax liability at issue for taxable periods ending December 31, 2009, and for all four quarters of 2010.[2] Respondent was instructed to come in and appear before Ms. Kruger on June 29th, 2011.

Ms. Johnson failed to appear at the scheduled meeting, and the agency issued a "last chance" letter to her on July 8, 2011, instructing her to appear before Ms. Kruger on July 26, 2011. Ms. Johnson did appear at this meeting, but failed to provide all the information and documents sought in the summons.

On November 1, 2011, the United States petitioned this Court for the enforcement of the IRS summons. (Doc. No. 1.) The undersigned Magistrate Judge issued an Order to Show Cause, requiring Respondent to appear before the Court to explain why she should not be compelled to obey the summons and ordering her to file and serve a written response to the petition setting forth any defenses or motions at least five business days before the scheduled hearing. Respondent did not submit anything in writing.

---

[2] Revenue Officer Kruger's declaration references income taxes, but counsel for the United States clarified at the hearing, with Ms. Kruger present, that the investigation in fact relates to employment taxes. This point is not material to the enforceability of this summons, which pertains to the collectability of tax liabilities previously established.

## ANALYSIS

Section 7602 of Title 26 of the United States Code (part of the Internal Revenue Code) authorizes the IRS to summon certain persons and data "for the purpose of determining the liability of any person for any internal revenue tax . . . or collecting any such liability." Federal district courts have jurisdiction to enforce such a summons pursuant to 26 U.S.C. § 7604. Enforcement of a summons under § 7604 is appropriate where the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). The Commissioner may establish a *prima facie* case for enforcement of a summons by a "minimal showing of good faith compliance with summons requirements." United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (internal quotations and citation omitted). Such good faith can be demonstrated by the affidavit of an IRS agent. Id.

The United States has met the requirements for the summons to be enforced pursuant to 26 U.S.C. § 7604. Specifically, the declaration of Revenue Officer Kruger establishes that the testimony and documentation requested are necessary and appropriate for enforcement of the internal revenue laws and that the books, papers, records and other data sought are not already in possession of the agency. Respondent's ongoing business relationship to the taxpayer, including her apparent payment of obligations on his behalf and the agreement to lease or purchase his business, justifies the agency's inquiry. See, e.g., 26 U.S.C. § 6332

(authorizing IRS to levy against a taxpayer's property, rights to property, or obligations with respect to the same, in possession of "any person").  According to the declaration, no criminal referral has been made to the Department of Justice concerning this matter, and all administrative steps required for issuance of the summons were taken.  Jurisdiction and venue are proper, as the record reflects that Respondent resides in Waseca, Minnesota.  <u>See also</u> 26 U.S.C. § 7402.  This is sufficient to meet the government's burden to make out a *prima facie* case that enforcement is appropriate.  <u>See</u> <u>United States v. Fond Du Lac Reserv. Bus. Committee</u>, 906 F. Supp. 523, 527 (D. Minn. 1995).

Respondent has not contested the government's factual allegations, either in writing or at the hearing.  Those allegations are therefore deemed admitted, and Respondent has failed to meet the "heavy" burden necessary to overcome the government's *prima facie* case of enforceability.  <u>Norwood</u>, 420 F.3d at 893.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court enter an Order directing the Respondent, Marcia Johnson, Chief Executive Officer of MWJ, Inc., within 30 days:

1. to obey every requirement of the IRS summons issued to her on June 9, 2011 to the extent not yet complied with;

2. specifically, within 30 days, to provide Revenue Officer Diane Kruger at the IRS office at 21 Second Street SW, Rochester, MN 55902, with testimony and any and all remaining categories of documents and information sought in the summons.

Entered this 18th day of January, 2012.

BY THE COURT:

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 1, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 1, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.